UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 02-52(ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. STEVEN ANTHONY BOYD, Defendant. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO QUASH WARRANT AND MOTION FOR ORDER TO BE DISCHARGED FROM SUPERVISED RELEASE |

Defendant Steven Anthony Boyd has filed a Motion to Quash Warrant and to be Discharged from Supervised Release or in the alternative, to be Sentenced to a Concurrent Term. It appears that defendant Boyd argues that because his term of supervised release was scheduled to end on May 23, 2005 and because that date has now passed, he cannot be held to answer for a violation of the terms of his supervised release. As will be seen below, this argument fails because the Court issued a warrant on April 27, 2005, for Boyd's arrest based upon violations of his supervised release which date preceded the end of his scheduled supervised release termination.

FACTS

The relevant facts of this case are as follows: on September 29, 1999 Boyd was sentenced for possession with intent to distribute marijuana in the District of Colorado to forty-six months imprisonment and three years supervised release. Jurisdiction was transferred to this Court to supervise the defendant on February 13, 2002, prior to his release from prison.

The defendant was released on May 24, 2002. At that time his scheduled expiration of supervised release was May 23, 2005.

However, on April 21, 2005 he was arrested for possession with intent to distribute marijuana in Arizona. Six days later, on April 27, 2005 this Court issued a warrant for Boyd's arrest based upon his violation of his supervised release. A copy of that warrant is attached to this memorandum. This was approximately one month <u>prior</u> to the scheduled expiration date of his supervised release.

On September 28, 2006 the defendant pled guilty to the Arizona offense and on March 29, 2006 he was sentenced to two years imprisonment.

<u>ARGUMENT</u>

Because this Court issued the above warrant <u>prior</u> to the May 23, 2005 scheduled expiration date of his supervised release, this Court has jurisdiction to consider the supervised release violation. Title 18 U.S.C. § 3583(i) provides as follows:

> Delayed revocation. - The power of the Court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Simply put, sentencing courts have the authority to revoke or extend supervised release after the expiration of the original term if those courts have issued a summons or warrant during the release period. U.S. v. Sczubelek, 402 F.3d 175, 179 (3rd. Cir. 2005); see also U.S. v. Hondras, 296 F.3d 601, 602 (7th Cir. 2002); U.S. v. Naranjo, 259 F.3d 379, 381-83 (5th Cir. 2001). Therefore this Court has retained jurisdiction to consider the petition for violation of supervised release. The defendant's motions should be denied.

Defendant Boyd also asks that in the alternative, his sentence be made concurrent with his present Arizona prison sentence. Whether this is an appropriate resolution is not ripe at this time. The defendant should be brought to this district and make his appearance in this Court, at which time the issue of the appropriate sentence can be considered.

Dated: June 21, 2006

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
First Assistant U.S. Attorney
Attorney ID Number 59298