**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

Plaintiff,

v.

Steven Anthony Boyd,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 02-52 ADM

---

James E. Lackner, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Steven Anthony Boyd, *pro se.*

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Steven Anthony Boyd's ("Defendant") Motion to Quash Warrant and be Discharged from Supervised Release; or in the Alternative, Sentence to a Concurrent Term ("Motion") [Docket Nos. 8, 9]. Defendant argues that the Court should not consider his supervised release violation because his release period expired on May 23, 2005, and that date has now passed. For the reasons set forth below, Defendant's Motion is denied.

## II. BACKGROUND

Defendant pled guilty to possession with intent to distribute marijuana in the District of Colorado. Judgment [Docket No. 3] at 1. On September 29, 1999, Defendant was sentenced to forty-six months imprisonment, to be followed by three years supervised release. Id. at 2-3. On February 13, 2002, jurisdiction over Defendant was transferred to this Court for supervision. Transfer of Jurisdiction [Docket No. 1]. Defendant was released from federal prison and began

his term of supervised release on May 24, 2002. Gov't's Resp. [Docket No. 11] at 2. Defendant's term of supervised release extended until May 23, 2005. Id.

On April 21, 2005, Defendant was arrested in Arizona for possession with intent to distribute marijuana. Id. At that time, Defendant's supervised release was still in effect; therefore, his arrest in Arizona was a violation of the terms of his supervised release.[1] Id. This Court issued a warrant for Defendant's arrest on April 27, 2005. Id. Ex. 1.

Defendant pled guilty to the Arizona offense on September 28, 2005, and was sentenced to two years imprisonment on March 29, 2006. Id. at 2. Currently, Defendant is imprisoned in the Arizona State Prison Complex in Douglas, Arizona. Defendant now asks the Court to quash the warrant for his arrest in the District of Minnesota or in the alternative, to sentence him to a term of imprisonment concurrent with his present Arizona sentence. Motion at 2.

## III. DISCUSSION

Defendant argues that he should not be held to answer for a violation of his supervised release because his supervised release expired on May 23, 2005. Id. Plaintiff maintains that this Court has jurisdiction to consider Defendant's violation of supervised release because it issued the arrest warrant on April 27, 2005, during the supervised release period. Gov't's Resp. at 3.

A court has the power to modify or revoke a defendant's supervised release under 18 U.S.C. § 3583. For delayed revocation, the court must satisfy the requirements of 18 U.S.C. § 3583(i), which provides:

---

[1] Specifically, Defendant violated his supervised release by (1) illegally possessing a controlled substance, (2) leaving the District of Minnesota without permission, and (3) failing to report his employment status change to his probation officer. Id. Ex. 1 (Pet. on Supervised Release).

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

More simply, a defendant may be revoked for violation of a supervised release condition after the release period expires if the court issues a warrant during the release period.

The Eighth Circuit relied on section 3583(i) in United States v. Hacker, 450 F.3d 808 (8th Cir. 2006). In Hacker, the defendant had a supervised release term set to expire on September 24, 2004. Id. at 814. The Eighth Circuit found that because a petition for revocation was filed one day prior to expiration, on September 23, 2004, the district court's final revocation order not filed until August 25, 2005 was of no legal significance. Id. at 815. The district court had authority to revoke supervised release after the release period expired because the court met the requirements of 18 U.S.C. § 3583(i). Id.; see also United States v. Sczubelek, 402 F.3d 175, 179-80 (3d Cir. 2005) (collecting cases).

In this instance, the Court retains authority to consider the petition for violation of supervised release. Defendant allegedly violated his supervised release term on April 21, 2005. The Court issued a warrant for his arrest on April 27, 2005, approximately one month prior to the expiration of his supervised release set for May 23, 2005. Therefore, the requirements of 18 U.S.C. § 3583(i) have been met. Further, whether Defendant's alternative request for a sentence concurrent with his present Arizona sentence is appropriate will be considered when Defendant appears in this Court.

On the eve of resolving this Motion, the Court received another motion from Defendant,

entitled Motion to Dismiss Petition to Revoke Supervised Release and Release Defendant From Any Warrants ("Motion to Dismiss") [Docket No. 12]. In his Motion to Dismiss, Defendant argues that the U.S. Attorney's delay in bringing him in front of this Court is unreasonable and results in prejudice. Id. at 2. However, as previously detailed in response to Defendant's first Motion, this Court retains jurisdiction to consider the allegations of violation of his supervised release. As a result, Defendant's Motion to Dismiss is denied.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Quash Warrant and be Discharged from Supervised Release; or in the Alternative, Sentence to a Concurrent Term [Docket Nos. 8, 9] is **DENIED**; and

2. Defendant's Motion to Dismiss Petition to Revoke Supervised Release and Release Defendant From Any Warrants [Docket No. 12] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 25, 2006.