UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-52 ADM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | DEFENDANT'S POSITION AS TO SUPERVISED RELEASE VIOLATION |
| v. | ) | |
| STEVE ANTHONY BOYD Defendant. | ) | |

Steve Anthony Boyd, by and through his attorney, respectfully submits this position as to the supervised release violation, scheduled before the Court on December 19, 2006. First, Mr. Boyd anticipates admitting the violations alleged in the Petition on Supervised Release.

## I. Events of the past.

On May 24, 2002, Mr. Boyd began three years of supervised release. Throughout the supervised release, Mr. Boyd was compliant with the conditions. His life consisted of working and parenting. His youngest daughter, Asia who is now seven (7) years old, lives near Mr. Boyd's home.

A few years ago, Mr. Boyd took steps to adopt his younger brother, Christopher, who is now 16 years old. The adoption was important to Mr. Boyd, who was already serving as the parent and primary caretaker for Christopher. The adoption provided Mr. Boyd with the ability to provide medical insurance and other financial necessities for

his little brother. Additionally, by becoming the legal guardian of Christopher, Mr. Boyd was able to be involved in Christopher's schooling.

For 35 months, Mr. Boyd moved through his supervised release term without problem. He lived a carefree life of a single parent. His home in Columbia Heights created an important family environment for him, Christopher, and his other brother Eddie, who lives with them.

At the beginning of 2005, Mr. Boyd found himself in a difficult situation. Medical bills from elbow surgery for Christopher reached $25,000. He also learned that his daughter, who he believed was his biological child and whom he had loved and cared for as his own, was fathered by another man. The compounding of the situations sent Mr. Boyd into a tremendous depression. Barely able to get out of bed, he ultimately lost his job.

Swayed by the financial security the trip to Arizona would provide, and needing to deal with the medical bills, Mr. Boyd decided to play the lottery, the drug lottery. As the Court is aware, Mr. Boyd lost.

Mr. Boyd served two years in prison for committing this crime. An appropriate punishment, both for the crime and the supervised release violation.

A college graduate of the University of Minnesota with a degree in Management Information Systems, Mr. Boyd made the prison time as beneficial as possible. He spent his time in the Arizona prison tutoring inmates for the GED and 8th grade equivalency tests. He also participated in Narcotics Anonymous, drug intervention classes, and day

treatment classes that provided training on reintegration into society. Having learned a hard lesson, Mr. Boyd has worked in prison to ensure others have better potential on the outside and that he, himself, has the tools for a smooth reintegration into society.

## II. Options for the Court

18 U.S.C. 3583 (e) provides the Court with several options in dealing with a supervised release violation. The worst case scenario for Mr. Boyd falls under 18 U.S.C. 3583 (e) (3): sentencing him to additional prison time.

Several better case scenarios are provided for: release from supervised release; extend his probation; or place him on house arrest in lieu of prison time. The issue for the Court in balancing these options is what disposition is reasonable given all of Mr. Boyd's circumstances.

Respectfully, we request the Court acknowledge the violation and release Mr. Boyd from supervised release. Mr. Boyd has acknowledged his wrong doing by pleading guilty to the charges in Arizona. Appropriate punishment for his actions has been imposed: a two year prison sentence.

Recognizing that the Court may have concerns resulting from the supervised release violation, the supervised release period may be extended for up to 3 years. If the Court believes additional punitive consequence is necessary, the imposition of house arrest, under 18 U.S.C. 5358 (e)(4), of three months would serve that end, while enabling Mr. Boyd to begin the steps of reentering society, home life, family life.

Life awaits Mr. Boyd. Family awaits Mr. Boyd. The requirements of parenting,

homesteading and working await Mr. Boyd. Additional incarceration simply delays the reunification of family and the realities of living. Respectfully, Mr. Boyd asks this Court to allow the reunification to begin on December 19, 2006.

Dated: December 15, 2006

Respectfully submitted,

*s/Caroline Durham*____________

CAROLINE DURHAM
Attorney No. 24921X
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415